# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17CV-00491-JHM

AARON K. HILL                                                         PLAINTIFF

V.

PEOPLES, INC.
PEOPLES HOME LENDING CO.
d/b/a BANKING UNUSUAL                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Peoples, Inc. and Peoples Home Lending Co., d/b/a Banking Unusual (hereinafter "Peoples") to dismiss [DN 6]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, Aaron Hill, received and accepted an offer of employment from Peoples on January 15, 2012. The Employment Agreement between Hill and Peoples contained an indemnification clause which provided:

> <u>Indemnification</u>. As long as Hill is engaged by Company, Company will hold harmless and indemnify Hill from any and all claims, administrative proceedings, actions or causes of action arising from the proper performance of Hill's duties as described herein; provided, however, that this indemnification shall not apply to claims and proceedings arising from Hill's intentional violation of applicable Company procedures or policies, laws or regulations. In the event that Company has borne the costs of defense, incurred attorney's fees and other expenses, settlement costs or Judgments incident to its obligation hereunder, ("Employment Litigation Expenses") and . . . (2) such Employment Litigation Expenses are related to claims against Company or any affiliate of Company by any prior employer or affiliate of a prior employer of Hill, Hill shall reimburse Company for all Employment Litigation Expenses incurred by Company in the defense of such claims or proceedings.

(Employment Agreement ¶9.)

Prior to his employment with Peoples, Hill worked at CMCO Mortgage, LLC. In February of 2012, CMCO filed suit in Jefferson Circuit Court against Peoples, Hill, and two former CMCO employees working at Peoples. CMCO alleged the following claims against Hill and Peoples: interference with business advantage, unfair competition, usurpation of business opportunities, unjust enrichment, trade secret misappropriation, and conversion of confidential information. (Complaint at ¶ 30.) Additionally, CMCO asserted claims for breach of contract and breach of fiduciary duties against Hill individually. Hill asserted counterclaims against CMCO for breach of contract, breach of fiduciary duty, negligent misrepresentation, fraudulent misrepresentation, promissory estoppel, abuse of process, common law and contractual indemnity, tortious interference, unjust enrichment, conversion, usurpation of business opportunities, breach of duty of good faith and fair dealing, disgorgement of profits, and punitive damages. (Id. at ¶ 31.)

In March of 2013, Peoples terminated Hill. In July 2013, CMCO settled the litigation with Peoples and all other defendants except Hill and another former CMCO employee. After Peoples' settlement, Peoples informed Hill that it would no longer pay for his representation. Hill opted to continue the litigation *pro se*. (Id. at ¶¶33, 34.) Hill failed to appear at the pretrial conference or trial. On October 2, 2014, a judgment was entered against Hill in the amount of $ 3.4 million dollars.

On August 14, 2017, Hill filed the current lawsuit seeking indemnity for the judgment rendered against him in favor of CMCO. Hill also asserts claims for implied indemnity, comparative indemnity, equitable indemnity, and contribution. Defendants filed this motion to dismiss arguing that Plaintiff failed to state a claim upon which relief can be granted.

Specifically, Defendants argue that (1) the Employment Agreement between Hill and Peoples limited any obligation to indemnify Hill to the period that Peoples employed Hill; (2) under Kentucky law, implied indemnity, comparative indemnity, and equitable indemnity do not exist; (3) Hill's claim of contribution is prohibited under Kentucky law; and (4) the bankruptcy trustee has exclusive authority to commence actions related to the bankruptcy estate.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Contractual Indemnity

Hill alleges that pursuant to the Employment Agreement, Peoples is obligated to

indemnify him "in the full amount of the judgment, including post-judgment interest, costs, fees and expenses incurred in defending CMCO's Complaint . . . ." (Complaint ¶ 53.) The issues raised by the Defendants' motion to dismiss with regard to the Employment Agreement are governed by principles of contract interpretation.[1]

"[T]he construction and interpretation of a contract including questions regarding ambiguity are questions of law to be decided by the Court." Hulda Schoening Family Trust v. Powertel/Kentucky Inc., 275 F. Supp. 2d 793, 794 (W.D. Ky. 2003) (citation omitted). See also Brotherhood Mutual Insurance Company v. M.M. by and through T.C., 2017 WL 5270403, *7 (D. Kan. Nov. 13, 2017); Liggatt v. Employers Mutual Casualty Co., 46 P.3d 1120, 1129 (Kan. 2002). "In construing a contract, a court's primary objective is to ascertain and to effectuate the intention of the parties to the contract from the contract itself." Logan Fabricom, Inc. v. AOP Partnership LLP, 2006 WL 3759412, at *2 (Ky. App. Dec. 22, 2006). A court's analysis thus begins with a contract's four corners. See 3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metro. Sewer Dist., 174 S.W.3d 440 (Ky. 2005) (noting that when no ambiguity in a contract exists, a court should look "only as far as the four corners of the document to determine the parties' intentions"). See Brown v. K&L Tank Truck Service, Inc., 2017 WL 3839414, *5 (D. Kan. Sept. 1, 2017). As a rule, a contract "must be construed as a whole, giving effect to all parts and every word in it if possible." American Dairy Queen Corp. v. Fortune Street Research & Writing Inc., 753 F. Supp. 2d 675, 679 (W.D. Ky. 2010).

"[I]n the absence of ambiguity a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary

---

[1] The Employment Agreement provides that Kansas law applies to issues that arise from the Employment Agreement. The parties dispute which law should apply. The Court finds it unnecessary to perform a choice of law analysis. Regardless of whether Kentucky or Kansas law applies, the law regarding the construction and interpretation of contracts is the same.

4

meaning and without resort to extrinsic evidence." Frear v. P.T.A. Indus., Inc., 103 S.W.3d 99, 106 (Ky. 2003)(internal citations omitted). See Peterson v. Ferrell, 349 P.3d 1269, 1274 (Kan. 2015). "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." Cantrell Supply, Inc. v. Liberty Mut. Ins. Co., 94 S.W.3d 381, 385 (Ky. App. 2002). "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." Id. "Where a contract is ambiguous or silent on a vital matter, a court may consider parol and extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the conduct of the parties." Id. "[O]nce a court determines that a contract is ambiguous, areas of dispute concerning the extrinsic evidence are factual issues and construction of the contract become subject to resolution by the fact-finder." Id.; see also Prime Finish, LLC v. ITW Deltar IPAC, 2017 WL 1823064, at *9 (E.D. Ky. May 5, 2017); Waste Connections of Kansas, Inc. v. Ritchie Corp., 298 P.3d 250, 265-266 (Kan. 2013).

The Employment Agreement between Hill and Peoples contained an indemnification clause which provides that "[a]s long as Hill is engaged by Company, Company will hold harmless and indemnify Hill from any and all claims, administrative proceedings, actions or causes of action arising from the proper performance of Hill's duties as described herein . . . ." (Employment Agreement at ¶ 9.) After a review of the Employment Agreement and considering the arguments of the parties, the Court finds that the language of the Employment Agreement is unambiguous and no reasonable person would find it "susceptible to different or inconsistent interpretations." Cantrell Supply, Inc., 94 S.W.3d at 385. The Employment Agreement expressly states that any obligation by Peoples to indemnify Hill only exists "[a]s long as Hill is engaged by Company . . . ." Accordingly, any right to indemnity under Paragraph 9 of the Employment

Agreement ended when Hill's employment ceased. Hill was not employed by Peoples at the time the judgment was entered against him in the Jefferson Circuit Court action or at the time he filed this case.

In response to the motion to dismiss, Plaintiff did not offer a different interpretation of the "[a]s long as Hill is engaged by the Company" language. He merely argues that Peoples' interpretation is controverted by Hill and that the Court should not accept as true Peoples' own interpretation of the Employment Agreement. In as much as Plaintiff argues that his disagreement with Peoples' interpretation of the Employment Agreement creates an issue of fact, the Court disagrees. As noted above, "the construction and interpretation of a contract including questions regarding ambiguity are questions of law to be decided by the Court." Hulda Schoening Family Trust, 275 F. Supp. 2d at 794. See also Liggatt, 46 P.3d at 1129. The fact that Hill "may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." Cantrell Supply, 94 S.W.3d at 385.

For these reasons, the Court finds that Plaintiff's contractual indemnity claim fails to state a claim for which relief could be granted.

**B. Common Law Indemnity Claims and Contribution Claim.**

Defendants argue that claims for implied indemnity, comparative indemnity, and equitable indemnity do not exist under Kentucky law. Defendants further argue that Kentucky no longer permits independent actions for contribution. Sommerkamp v. Linton, 114 S.W.3d 811 (Ky. 2003); KRS § 411.182. As a result, Defendants maintain that these claims should be dismissed.

In response, Hill did not address Peoples' arguments made with respect to these claims. Therefore, after examining the complaint under the standard set forth pursuant to Fed. R. Civ. P.

12(b)(6), the Court grants Peoples' motion to dismiss with respect to these claims as well. See Allstate Ins. Co. v. Global Medical Billing, Inc., 520 Fed. Appx. 409, 412 (6th Cir. 2013) (noting that a failure to refute an assertion amounts to a waiver of the argument); U.S. Specialty Ins. Co. v. United States ex rel. E.A. Biggs of Kentucky, LLC, 2014 WL 12726728, at *2 (W.D. Ky. Apr. 16, 2014).

## IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion by Defendants to dismiss [DN 6] is **GRANTED**. A judgment will be entered consistent with this opinion.

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

March 7, 2018